IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

TED E. ROSS                                                                                               PETITIONER
REG. #24510-077

V.                                           NO.  2:08cv00011 JWC

T.C. OUTLAW, Warden,                                                                              RESPONDENT
FCI, Forrest City, AR

MEMORANDUM OPINION AND ORDER

Ted E. Ross, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus, along with a supporting brief (doc. 1, 2).  Respondent filed a motion to dismiss (doc. 4), and Petitioner replied (doc. 5).  For the reasons that follow, the petition must be **denied**.[1]

I.

The procedural history is undisputed.  Following a jury trial in the United States District Court for the Northern District of Texas (Dallas), Petitioner was convicted of various offenses arising out of a conspiracy that operated a crack cocaine distribution ring in Dallas, Texas.  As a result, he was sentenced to life imprisonment.  Petitioner appealed, arguing, among other things, that the district court did not properly apply the federal Sentencing Guidelines in imposing his sentence.  The Fifth Circuit Court of Appeals affirmed his convictions and sentence.  *United States v. Fields, et al.*, 72 F.3d 1200 (5th Cir. 1996); *see* doc. 1, ¶¶ 1-9.

---

[1]The parties have consented to the jurisdiction of the United States Magistrate Judge (doc. 8).

In June 2001, Petitioner filed in the Texas district court a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, arguing: (1) *Apprendi v. New Jersey*, 530 U.S. 466 (2000), required that his conviction or sentence be set aside; (2) the jury instructions were inadequate; and (3) count two was duplicitous. *United States v. Ross*, No. 3:93-cr-00166-3 (N.D. Tex.) (doc. 4-2, at 2 [#61]; doc. 1, ¶ 11(a)). The motion was denied with prejudice as untimely by judgment entered on August 30, 2002. *Ross v. United States*, No. 3:01-cv-01183 (N.D. Tex. Aug. 30, 2002) (doc. 4-2, at 3 [#69, #70]; at 5 [#1]). The Texas district court and the Fifth Circuit Court of Appeals denied his applications for a certificate of appealability (doc. 4-2, at 4 [#75, #81]).

II.

Petitioner says his petition is brought pursuant to 28 U.S.C. § 2241(c)(2), *i.e.* he is being held "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Specifically, he says that Congress made the Sentencing Guidelines mandatory, that the trial judge used the Guidelines to enhance his sentence based on facts beyond those reflected in the jury's verdict, that these judge-found facts and enhancements violated his substantive rights under the Sixth Amendment to the United States Constitution, and that the enhancements are thus void and should be removed, thereby reducing his sentence.

Although Petitioner does not cite the relevant cases, his claims appear to be based on the United States Supreme Court decisions in *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Booker*, the Supreme Court extended to the federal Sentencing

Guidelines the rule announced in *Apprendi* and *Blakely*: pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244.  The Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only.  *Id.* at 246.

Respondent argues that, because Petitioner's claims relate only to his sentence, they are not properly brought in a § 2241 petition.

III.

Petitioner is incarcerated in this judicial district, but this is not the district where his convictions and sentence arose.  Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence).  Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him.  *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).  In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where

the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Cain v. Petrovsky*, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

In this case, Petitioner's claims clearly are challenging the validity of his sentence and thus should have been directed to the Texas district court which convicted and sentenced him or to the appropriate Court of Appeals (in this case, the Fifth Circuit). As stated, Petitioner's direct appeal of his convictions and sentence was unsuccessful, his § 2255 motion was denied as untimely, and his efforts to appeal that denial were unsuccessful. *See* § 2255 ¶ 6 (federal defendant generally has one year from "the date on which [his] judgment of conviction becomes final" to file a § 2255 motion). The record does not show that he has tried to obtain permission from the Fifth Circuit to proceed with a successive § 2255 motion. *See* § 2255 ¶ 8 (successive motion may be allowed if court of appeals certifies that it is based on "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Instead, he now seeks recourse through a § 2241 habeas petition.

A § 2241 petition for habeas corpus relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255 ¶ 5. Because the sentencing courts have already "denied him relief" on his earlier § 2255 motion and Petitioner has "failed to apply" to the proper court for further § 2255 relief, this Court cannot entertain Petitioner's § 2241 habeas petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause.

A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah*, 392 F.3d at 959. This is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002). The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Abdullah*, 392 F.3d at 959. Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because petitioner has been denied permission or does not meet the statutory requirements for filing a second or successive § 2255 motion, or because a § 2255 petition is time-barred. *Id.*

Moreover, a federal prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in a direct appeal or a timely § 2255 motion in the sentencing district. *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003) (§ 2255 remedy not inadequate where petitioner could have raised claim in first or second § 2255 motion); *Perez*, 286 F.3d at 1063 (§ 2241 argument waived if not raised in sentencing court in first instance); *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000) (dismissing § 2241 claims which "could have been maintained in a timely § 2255 motion or on direct appeal"). Where a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction or sentence. *Abdullah*, 392 F.3d at 963.

Petitioner did not take advantage of the opportunity to raise these particular claims in his direct appeal or his § 2255 proceedings. Although he did not have the benefit of the

supporting Supreme Court decisions at the time for seeking his direct appeal, his current claims as stated do not cite or rely on those decisions. He apparently did raise an argument based on *Apprendi* in his § 2255 motion, but the Texas district court was unable to reach it due to the motion's untimeliness. Furthermore, there is no indication that he has made any attempt to use these arguments as a basis for seeking permission from the Fifth Circuit Court of Appeals to file a successive § 2255 motion.

In any event, it is now clear – in the Fifth and the Eighth Circuits – that the rules announced in *Apprendi*, *Blakely* and *Booker* do not apply retroactively to criminal convictions that became final before those decisions and thus cannot benefit movants in collateral proceedings. *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (§ 2241 petition); *Never Misses a Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005) (successive § 2255 motion); *In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005) (successive § 2255 motion); *United States v. Brown*, 305 F.3d 304, 309-10 (5th Cir. 2002) (initial § 2255 motion). Section 2255 is not an inadequate or ineffective remedy "simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively." *Perez*, 286 F.3d at 1062. The impediment is not § 2255, but rather the new doctrine's non-retroactivity. *Id.* Therefore, the Eighth Circuit has held that an *Apprendi*-type claim cannot be raised in a § 2241 petition due to the unavailability of the § 2255 remedy. *Id.* The Court noted that, if in the future the Supreme Court were to make *Apprendi*'s new rule retroactive, § 2255 relief might then be available. *Id.*; *see* § 2255 ¶ 8. The same rationale applies to claims based on *Blakely* and *Booker*, as extensions of *Apprendi*. *See Padilla*, 416 F.3d at 427.

Therefore, unless and until the Supreme Court rules that *Apprendi*, *Blakely* or *Booker* applies retroactively to past criminal convictions, Petitioner may not raise a claim based on those decisions in a second § 2255 motion or a § 2241 habeas petition.

Petitioner argues that § 2241 is his only available remedy because his claim is based on § 2241(c)(2), which makes federal habeas relief available to those in custody "for an act done or omitted in pursuance of an Act of Congress." He misconstrues the breadth of that provision, which is intended to prevent the states from impeding the enforcement of federal laws. Enacted in response to the imprisonment of federal marshals by state authorities opposed to a federal tariff, the original provision "had an easily discernible purpose: 'to enable one acting under federal authority, if arrested by state officials, to secure his release by means of federal habeas corpus.'" Donald E. Wilkes, *Federal Postconviction Remedies & Relief Handbook* § 5.4 (2008). The Court is aware of no authority extending this provision to the type of arguments made by Petitioner.

In summary, Petitioner has not demonstrated that the § 2255 remedy is an ineffective or inadequate vehicle to test the legality of his convictions and sentence. *See Hill*, 349 F.3d at 1092-93. He is not entitled to proceed under § 2241 because he did not or could not raise his current claims in his direct appeal or his § 2255 proceedings, because his § 2255 motion was denied as untimely and his challenges to that decision were unsuccessful, or because he believes any further attempts at obtaining relief from the Texas district court or the Fifth Circuit would be futile. This Court, therefore, lacks subject matter jurisdiction to consider Petitioner's § 2241 habeas claims challenging his sentence. *Abdullah*, 392 F.3d at 964.

IV.

Accordingly, Respondent's motion to dismiss (doc. 4) is **granted**, thereby dismissing this 28 U.S.C. § 2241 petition for writ of habeas corpus in its entirety without prejudice.

IT IS SO ORDERED this 30th day of June, 2008. .

_____
UNITED STATES MAGISTRATE JUDGE